UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COMMUNITY HOSPITAL OF THE MONTEREY PENINSULA,<br><br>Plaintiff,<br><br>v.<br><br>BLUE CROSS OF CALIFORNIA, a California corporation; LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 14-CV-04552-LHK<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND, AND DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS** |

Before the Court are the Motion to Remand filed by plaintiff Community Hospital of the Monterey Peninsula ("Plaintiff" or the "Hospital"), ECF No. 13 ("Mot."), and the Motion to Dismiss filed by defendants Laborers Health and Welfare Trust Fund of Northern California (the "Trust Fund") and Anthem Blue Cross ("Anthem," sued here as Blue Cross of California) (collectively, "Defendants"), ECF No. 9. The Court finds these motions suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b) and hereby VACATES the motion hearing and the initial case management conference set for January 29, 2015, at 1:30 p.m. Having

1

considered the submissions of the parties, the relevant law, and the record in this case, the Court

GRANTS Plaintiff's Motion to Remand, and DENIES as moot Defendants' Motion to Dismiss.

## I.    BACKGROUND

### A.    Factual Background

According to the Complaint, on December 16, 2012, a patient ("Patient") sought and

received emergency medical treatment at the Hospital.  Ex. A to ECF No. 1-1 ("Compl.") ¶ 7.

Patient provided proof to the Hospital that he was a member of the Trust Fund's health plan,

which is governed by the Employee Retirement Income Security Act of 1974 ("ERISA").  *Id.* ¶ 8.

Anthem, pursuant to a contract with the Trust Fund, authorized the Hospital to provide treatment

to Patient from December 16, 2012, to December 26, 2012.  *Id.* ¶ 12.

On December 26, 2012, Patient's physician determined that Patient could be discharged to

a skilled nursing facility ("SNF").  Compl. ¶ 14.  Because no SNF could accommodate Patient

until December 31, 2012, Patient stayed at the Hospital until he was discharged on that date.  *Id.*

¶ 15.  Despite the Hospital's attempts to obtain authorization from Defendants to continue treating

Patient, the Hospital alleges that Defendants failed to take any action to procure an alternate level

of care for Patient or to assume responsibility for Patient's care while he was hospitalized from

December 26, 2012, to December 31, 2012.  *Id.* ¶¶ 16, 18.  It was not until December 28, 2012, the

Hospital alleges, that Defendants notified the Hospital that Defendants disputed the level of care

being provided.  *Id.* ¶ 17.

On or about January 9, 2013, the Hospital sought $110,125.00 in reimbursement from

Defendants for Patient's care from December 16, 2012, through December 31, 2012.  Compl. ¶ 19.

Defendants partially paid, denying the Hospital reimbursement in the amount of $19,282.00 for

the treatment provided to Patient from December 26, 2012, until December 31, 2012.  *Id.* ¶ 20.  It

is that amount that the Hospital now seeks to recover.  *Id.* ¶ 22.

### B.    Procedural History

After exhausting Defendants' internal appeal processes, Compl. ¶ 21, Plaintiff filed its

Case No.: 14-CV-04552-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND, AND DENYING AS MOOT DEFENDANTS'
MOTION TO DISMISS

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

Complaint in Monterey County Superior Court on July 22, 2014.  The Complaint asserts four

causes of action against Defendants, all of which arise under California law[1]: one cause of action

for violation of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*, and

three causes of action alleging that Defendants owe Plaintiff monies for services rendered.  Compl.

¶¶ 36-58.  The alleged acts giving rise to Plaintiff's UCL cause of action are: (1) Defendants'

rescission of the verification of benefits for Patient's treatment subsequent to the Hospital's good

faith provision of health care service, in violation of section 796.04 of the California Insurance

Code and section 1371.8 of the California Health and Safety Code; and (2) Defendants' failure to

take legally required action to the extent Defendants disputed the medical necessity of the

treatment provided to Patient, in violation of section 1371.4 of the California Health and Safety

Code.  *Id.* ¶¶ 37-38.

On October 10, 2014, Defendants removed the case to federal court on the basis that

Plaintiff's state law claims are completely preempted by ERISA, 29 U.S.C. § 1001 *et seq.*, which

governs Patient's benefit plan.  ECF No. 1 ¶ 4.  Defendants moved to dismiss this case on October

17, 2014.  ECF No. 9.  Plaintiff opposed the motion on October 31, 2014, ECF No. 12, and

Defendants replied on November 7, 2014, ECF No. 15.

On October 31, 2014, Plaintiff also filed the instant Motion to Remand.  Mot. at 10.

Defendants opposed this motion on November 14, 2014, ECF No. 18 ("Opp."), and Plaintiff

replied on November 21, 2014, ECF No. 21.

## II.      LEGAL STANDARD

A suit may be removed from state court to federal court only if the federal court would

have had subject matter jurisdiction over the case.  28 U.S.C. § 1441(a); *see Caterpillar Inc. v.*

*Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed

in federal court may be removed to federal court by the defendant.").  If it appears at any time

[1] The Complaint also asserts two state law causes of action against Anthem only: breach of
written contract and breach of implied covenant of good faith and fair dealing.  Compl. ¶¶ 23-35.

3

before final judgment that the federal court lacks subject matter jurisdiction, the federal court must remand the action to state court.  28 U.S.C. § 1447(c).

The party seeking removal bears the burden of establishing federal jurisdiction.  *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).  "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand."  *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

## III.   DISCUSSION

In its Motion to Remand, Plaintiff argues that the Court should remand the instant case to Monterey County Superior Court because Plaintiff's Complaint asserts no federal claims and because ERISA does not preempt any of Plaintiff's state law claims.  Mot. at 2.  The Court agrees.

True, ERISA contains "expansive pre-emption provisions . . . which are intended to ensure that employee benefit plan regulation would be 'exclusively a federal concern.'"  *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) (quoting *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 523 (1981)).  One form of ERISA preemption is "complete pre-emption" under ERISA section 502(a), *id.* at 207, which provides that a civil enforcement action may be brought:

> (1) by a participant or beneficiary—. . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

29 U.S.C. § 1132(a).  Pursuant to this provision, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy" is preempted because it "conflicts with the clear congressional intent to make the ERISA remedy exclusive."  *Davila*, 542 U.S. at 209.

Under *Davila*, however, a state law cause of action is completely preempted only "if (1) 'an individual, at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B),' and (2) 'where there is no other independent legal duty that is implicated by a defendant's actions.'"  *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 946

Case No.: 14-CV-04552-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND, AND DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS

United States District Court
Northern District of California

(9th Cir. 2009) (alteration in original) (quoting *Davila*, 542 U.S. at 210).  Because *Davila*'s two-pronged test is stated "in the conjunctive," a state law cause of action is preempted "only if both prongs of the test are satisfied."  *Id.* at 947.

At a minimum, here, the second prong is not satisfied.  As in *Marin General*, Plaintiff's "claims do not rely on, and are independent of, any duty under an ERISA plan."  581 F.3d at 949.  Indeed, Plaintiff's claims depend on interpretations of state law, and do not in any way require the interpretation of an ERISA plan administered by Defendants.  *See Davila*, 542 U.S. at 212-13 (explaining that state law legal duties do not arise independently of ERISA where "interpretation of the terms of [the] benefit plan forms an essential part" of the claim and legal liability can exist "only because of [the] administration of ERISA-regulated benefit plans").  Whether, for example, Defendants engaged in unfair business practices by violating section 1371.4 of the California Health and Safety Code does not turn on any interpretation of an ERISA plan.[2]  *See Cal. ex rel. Herrera v. Blue Cross of Cal., Inc.*, No. C 11-3107 SI, 2011 WL 4723758, at *5 (N.D. Cal. Oct. 7, 2011) (holding that "the second prong of *Davila* is not met here because plaintiff's claims arise from independent state law duties and do not depend on any duties imposed by an ERISA plan" where the plaintiff had brought suit under section 1371.4 of the California Health and Safety Code).  In a nearly identical case involving several of the same state law claims brought by the same Plaintiff, Judge Grewal agreed.  *See Cmty. Hosp. of the Monterey Peninsula v. Aetna Life Ins. Co.*, No. 5:14-CV-03903-PSG, 2015 WL 138197, at *3 (N.D. Cal. Jan. 9, 2015) (remanding to state court where Plaintiff asserted a UCL claim against Aetna based on, inter alia, section

---

[2] According to Plaintiff, section 1371.4(a) mandates that a health plan have a physician available for resolving disputed requests for treatment authorization.  Compl. ¶ 38.  If, after consultation with the plan physician, there is still a disagreement between the plan and the physician regarding the need for necessary medical care, the plan, Plaintiff alleges, must assume responsibility for the care of the patient either by having its medical personnel take over the case within a reasonable time after the disagreement or having a hospital under contract with the plan agree to accept the transfer of the patient.  *Id.*  If the plan fails to satisfy either of those options, Plaintiff claims that further necessary care is deemed authorized by the plan, and payment may not be denied.  *Id.* (citing Cal. Health & Safety Code § 1371.4(d)).

5

Case No.: 14-CV-04552-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND, AND DENYING AS MOOT DEFENDANTS'
MOTION TO DISMISS

United States District Court
Northern District of California

1371.4 of the California Health and Safety Code because "Aetna's actions implicate legal duties that are independent of those under ERISA").[3]

Because the Court concludes that the second prong of the *Davila* test has not been satisfied, the Court must find that ERISA does not completely preempt Plaintiff's state law claims. *See Marin Gen.*, 581 F.3d at 947. As a result, the Court has no basis to exercise subject matter jurisdiction over this action and must therefore remand the case to state court. *See Cmty. Hosp.*, 2015 WL 138197, at *3 (doing the same).

**IV.   CONCLUSION**

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Remand the case to Monterey County Superior Court. Consequently, the Court DENIES as moot Defendants' Motion to Dismiss.

**IT IS SO ORDERED.**

Dated: January 26, 2015

*Lucy H. Koh*

LUCY H. Koh
United States District Judge

---

[3] Defendants' citation to *Cleghorn v. Blue Shield of California*, 408 F.3d 1222 (9th Cir. 2005), is not to the contrary. *See* Opp. at 7. Unlike in *Cleghorn*, Plaintiff here is not a health plan participant, and, more importantly, Plaintiff's claim does not challenge the denial of benefits under an ERISA plan. Rather, Plaintiff brings suit on the basis of state law duties independent of ERISA that apply to insurance companies operating in California. *See Herrera*, 2011 WL 4723758, at *4 (distinguishing *Cleghorn* and remanding to state court where the plaintiff had brought suit under section 1371.4 of the California Health and Safety Code).

6

Case No.: 14-CV-04552-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND, AND DENYING AS MOOT DEFENDANTS'
MOTION TO DISMISS

United States District Court
Northern District of California